**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1758111 | Chapter 11<br><br>Case No. 19-06741 (___) |
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS CABLE OPERATIONS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1937052 | Chapter 11<br><br>Case No. 19-06737 (___) |
| In re:<br><br>DURA FREMONT L.L.C.,<br><br>Debtor.<br><br>Tax I.D. No. 30-0221252 | Chapter 11<br><br>Case No. 19-06738 (___) |
| In re:<br><br>DURA G.P.,<br><br>Debtor.<br><br>Tax I.D. No. 38-3638092 | Chapter 11<br><br>Case No. 19-06735 (___) |

| In re: | Chapter 11 |
| --- | --- |
| DURA MEXICO HOLDINGS, LLC, | Case No. 19-06739 (___) |
| Debtor. | |
| Tax I.D. No. 27-1764188 | |

| In re: | Chapter 11 |
| --- | --- |
| DURA OPERATING, LLC, | Case No. 19-06740 (___) |
| Debtor. | |
| Tax I.D. No. 32-0302304 | |

| In re: | Chapter 11 |
| --- | --- |
| NAMP, LLC, | Case No. 19-06736 (___) |
| Debtor. | |
| Tax I.D. No. 27-1573693 | |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**Expedited Relief Requested**

1. By this expedited motion (this "Motion"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing procedural consolidation and joint administration of these chapter 11 cases.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Middle District of Tennessee (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The

Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rules 2081-1 and 9075-1 of the Local Rules of Court for the United States Bankruptcy Court for the Middle District of Tennessee (the "Local Rules").

**Background**[1]

5. Dura Automotive Systems, LLC, together with its Debtor and non-Debtor affiliates (collectively, the "Company"), is a leading independent designer and manufacturer of automotive systems, including mechatronic systems, exterior systems, and lightweight structural systems, among others. The Company's main product lines generate approximately $1.1 billion in global sales annually. Headquartered in Auburn Hills, Michigan, the Company employs approximately 7,400 individuals. As of the date hereof (the "Petition Date"), the Debtors' aggregate prepetition funded indebtedness totaled approximately $130 million.

6. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Kevin Grady, Executive Vice President and Chief Financial Officer of Dura Automotive Systems, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

Code. The Debtors have concurrently herewith filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Joint Administration**

7. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Dura Automotive Systems, LLC, and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[2] | ) | Case No. 19-06741 (___) |
| Debtors. | ) | (Jointly Administered) |
| | ) | Judge [___] |

8. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Dura Automotive Systems, LLC:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Dura Automotive

[2] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

> Systems, LLC; Dura Automotive Systems Cable Operations, LLC; Dura Fremont L.L.C.; Dura G.P.; Dura Mexico Holdings, LLC; Dura Operating, LLC; and NAMP, LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-06741 (__).

10. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Chapter 11 Cases*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

**Basis for Relief**

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re Curae Health, Inc.*, No. 18-05665 (CMW) (Bankr. M.D. Tenn. Aug. 29, 2018); *In re Auto Masters, LLC*, No. 17-07036 (CMW) (Bankr. M.D. Tenn. Oct. 19, 2017); *In re Vanguard Healthcare, LLC*, No. 16-03296 (RSM) (Bankr. M.D. Tenn. May 11, 2016); *In re Oreck Corp.*, No. 13-04006

(RSM) (Bankr. M.D. Tenn. May 10, 2013); *In re Nashville Senior Living, LLC*, No. 08-07254 (GCP) (Bankr. M.D. Tenn. Aug. 29, 2008).[3]

14. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## Notice

16. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the Middle District of Tennessee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' prepetition secured revolving credit agreement; (d) counsel to the agent under the Debtors' prepetition secured term loan credit agreement;

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

(e) counsel to the agent under the Debtors' proposed debtor-in-possession financing facility; (f) the offices of the attorneys general for the states in which the Debtors operate; (g) the United States Attorney's Office for the Middle District of Tennessee; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 17, 2019
Nashville, Tennessee

RESPECTFULLY SUBMITTED:


*/s/ William L. Norton III*
William L. Norton III (TN 10075)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2397
Facsimile: (615) 244-6380

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
Gregory F. Pesce (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Christopher Marcus, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1758111 | ) | Chapter 11<br><br>Case No. 19-06741 (___) |
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS CABLE OPERATIONS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1937052 | ) | Chapter 11<br><br>Case No. 19-06737 (___) |
| In re:<br><br>DURA FREMONT L.L.C.,<br><br>Debtor.<br><br>Tax I.D. No. 30-0221252 | ) | Chapter 11<br><br>Case No. 19-06738 (___) |
| In re:<br><br>DURA G.P.,<br><br>Debtor.<br><br>Tax I.D. No. 38-3638092 | ) | Chapter 11<br><br>Case No. 19-06735 (___) |

| | | |
|---|---|---|
| In re:<br><br>DURA MEXICO HOLDINGS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1764188 | ) | Chapter 11<br><br>Case No. 19-06739 (___) |
| In re:<br><br>DURA OPERATING, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 32-0302304 | ) | Chapter 11<br><br>Case No. 19-06740 (___) |
| In re:<br><br>NAMP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-1573693 | ) | Chapter 11<br><br>Case No. 19-06736 (___) |

**EXPEDITED ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the expedited motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-06741 (___).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-06741 (___) |
| Debtors. | ) | (Jointly Administered) |
| | ) | Judge [___] |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Dura Automotive Systems, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Dura Automotive Systems, LLC; Dura Automotive Systems Cable Operations, LLC; Dura Fremont L.L.C.; Dura G.P.; Dura Mexico Holdings, LLC; Dura Operating, LLC; and NAMP, LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-06741 (__).

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Chapter 11 Cases*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**This Order Was Signed and Entered Electronically As Indicated At The Top Of The First Page**

**APPROVED FOR ENTRY:**


*/s/ William L. Norton III*
William L. Norton III (TN 10075)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2397
Facsimile: (615) 244-6380

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
Gregory F. Pesce (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Christopher Marcus, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*