IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:20-BK-01132 |
| AFFILIATED CREDITORS, INC. | ) | Judge Charles M. Walker |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DECLARATION OF ROY ARNOLD WILLIAMS, JR. IN SUPPORT OF
DEBTOR'S MOTIONS FOR VARIOUS FIRST DAY RELIEF**

The declarant, Roy Arnold Williams, Jr. makes the following statement under penalty of perjury:

1. I am the Chief Executive Officer ("CEO") and sole shareholder of Affiliated Creditors, Inc. ("Debtor" or "ACI").

2. As CEO of the Debtor, I have extensive knowledge of ACI's operations and financial conditions.

3. On February 22, 2020 (the "Petition Date"), ACI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. To enable ACI to conduct the Chapter 11 case in an efficient manner, the Debtor has requested various types of relief in certain "first day motions" (each a "First Day Motion" and collectively "First Day Motions"). The First Day Motions seek relief:

   *a.  Extending the time to file Statements and Schedules;*

   *b.  Providing for the continuation of necessary utility services to the Debtor;*

   *c.  Requesting use of cash collateral to fund continued operations of the Debtor; and*

  *d. Requesting authority to maintain existing bank accounts and business forms.*

  5. To enable ACI to conduct the Chapter 11 case in an efficient manner, certain other motions were filed on the Petition Date, and do not seek expedited relief, but do request relief that may occur within the first twenty-one days of the case. Those motions include:

  *a. Application for an Order to Employ Tortola Advisors, LLC as Restructuring and General Business Advisors;*

  *b. Application for Order Approving Employment and Retention of EmergeLaw, PLC as Counsel for Debtor;*

  *c. Application for an Order Approving Employment and Retention of the Terry J. Canady Attorney at Law as Special Counsel for the Debtor; and*

  *d. Motion to Set Bar Date for Filing Proof of Claims.*

  6. The matters listed to be considered in Paragraphs 4 and 5 above are necessary to the Debtor's continued operations and critical to a successful chapter 11. Unless the Debtor receives the relief in the motions sought in Paragraphs 4 and 5, the Debtor will suffer immediate and irreparable harm.

  7. I submit this Declaration (the "Declaration") in support of the First Day Motions. I am familiar with the contents of each First Day Motion (including the exhibits attached thereto) and believe the relief sought (i) is necessary to preserve the value of ACI's assts and to protect critical protected health information and consumer data, (ii) is integral to the ongoing operation of the business and (iii) serves the best interest of the Debtor, the estate, creditors, and other parties-in-interest.

2

Case 3:20-bk-01132 Doc 8 Filed 02/22/20 Entered 02/22/20 12:12:05 Desc Main
Document Page 2 of 9

8. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge and materials provided by my staff or information obtained from my review of relevant documents. If called upon to testify, I would competently testify to the facts set forth herein.

9. Part I of this Declaration describes ACI's basis for this Chapter 11 filing, and Part II sets forth the additional specific facts supporting each First Day Motion.

## PART I

### Nature; Location, Ownership and Employees of the Business.

10. The Debtor's business is focused on collecting third-party accounts receivables. The business is located in Nashville, Tennessee, and the Debtor leases its primary office space. Declarant is the 100% shareholder of ACI, and its Chief Executive Officer. The business is licensed to operate in 36 states and as of the Petition Date has 13 employees.

### Summary of Basis for Chapter 11 Filing

11. ACI's business is focused on collecting third-party accounts receivable. Its database contains over 1 million accounts totaling more than $300 million of all types of healthcare, multi-family and commercial accounts. As a result of industry consolidation and leadership changes at some of ACI's largest clients, the company lost in the last two years a significant amount of business, representing approximately 60% of revenues. This loss in clients and revenue precipitated this chapter 11 filing.

## Overview of Affiliated Creditors, Inc. and General Nature of Company Debt

12. Since 1981, ACI has been providing innovative debt recovery solutions for its clients. Over its 39 years in business, ACI built an excellent reputation as a leader and innovator in accounts receivable management. The company is a Certified Veteran Owned business. It is organized as a Tennessee corporation.

13. The company's 13 employees include: Declarant as President and CEO, a controller, a director of data security, a collection manager, a client services representative, 7 collection representatives, and 2 clerical staff.

14. Declarant has been employed by ACI for 23 years and acquired 25% of the shares of the company in 2015. In June of 2016, Declarant acquired the remaining shares through a stock redemption with the prior owner for a purchase price of $1.5 million. To finance that transaction, ACI received an SBA loan through Regions Bank in the amount of $1,462,200.00 (the "Term Loan"). Interest under the Term Loan was charged at 5.25% for the first three years, and then an amount equal to the Prime Rate plus 1.75%. As collateral for the Term Loan, Regions Bank was granted a security interest in substantially all its assets. As of the Petition Date, the balance of the Term Loan is approximately $1,032,000.

15. In February of 2017, ACI entered a financing arrangement with Regions Bank to borrow an additional $350,000 as a line of credit (the "Line of Credit") for working capital. As collateral for the Line of Credit, Regions Bank was granted a security interest in substantially all of ACI's assets. As of the Petition Date, the balance of the Line of Credit is approximately $350,000.

16. As of the Petition Date, the principal assets of the business consist of client contracts to collect receivables exceeding $300 million, cash in the approximate amount of $399,200, and accounts receivable (Debtor's fee income) in the approximate amount of $129,730. Debtor's cash on hand includes funds it has recovered on behalf of its clients. As set forth below, Regions Bank claims a security interest in cash collateral including all cash and in all accounts.

17. As of the Petition Date, only Regions Bank holds a security interest in the assets of the Debtor that constitute cash collateral. Regions Bank has a secured claim as of the Petition Date in the approximate amount of $1,382,000. Unsecured debt is estimated to be approximately $600,000, of which $546,894 represents funds owed to ACI's clients.

## PART II

### First Day Motions and Information about Cash Collateral and Employment of Professionals

18. Upon filing of this chapter 11 case, several First Day Motions were filed. Approval of each First Day Motion is an important element of the Debtor's bankruptcy efforts and is necessary to continue operations in the ordinary course of business. Factual information with respect to each First Day Motion is provided below and in each First Day Motion.

   *a. **Debtor's Expedited Motion for Entry of Order Authorizing Use of Cash Collateral**.*

   The Debtor requires the use of cash collateral in order to maintain business operations, continue to collect on outstanding accounts receivable, pay rent and pay vendors and employees. In addition, permission to use cash

collateral will allow the Debtor to protect and preserve protected patient health information (for medical account receivables) and consumer data.

b. ***Debtor's Expedited Motion to Prohibit the Discontinuation Of Utility Services, Approve Adequate Assurance Of Payment, And Establish Procedures For Additional Adequate Assurance.***

The Debtor requires uninterrupted utility service to continue its operations. The Debtor seeks only interim relief pursuant to 11 U.S.C. § 366 of the Bankruptcy Code. In connection with the operation of its business, the Debtor obtains internet and phone services (collectively "Utility Services") from various utility companies (the "Utility Companies"). The Utility Services are essential to the Debtor's operations and, therefore, must continue uninterrupted during the pendency of the Debtor's Chapter 11 case.

c. **Debtor's Expedited Motion for Authority to Maintain Existing Bank Accounts and Business Forms**

The Debtor maintains two bank accounts at Regions Bank: (1) an operating account, and (2) a payroll account. The Debtor has no uncleared prepetition outstanding checks and is asking for permission to maintain these bank accounts as its DIP accounts. Likewise, the Debtor has many prepetition business forms that do not have a DIP designation. It is essential to business operations that the Debtor be allowed to continue to use its existing forms due to the complexity of the business.

d. ***Motions Seeking 9013-1 Relief that may Fall within the first 21 days from the Petition Date (Rule 6003):***

   i. ***Motion to Employ Tortola Advisors, LLC as Restructuring and General Business Advisors*** –

   The Debtor requires immediate assistance from Tortola as its

Restructuring and Business advisors. Tortola will provide necessary financial and advisory services in connection with the Debtor's Chapter 11 case including (i) identifying whether existing contracts are consistent with fair market value, (ii) tracing the cash flow of the business and building reports that can be trusted and relied upon by financial institutions, (iii) identifying inefficiencies in Debtor's processes, (iv) enabling Debtor to comply with the structure and reporting requirements of a Chapter 11, (v) interfacing with employees to ensure job security and morale, and (vii) working with Debtor's lenders, clients, and vendors to optimize the business relationship during Chapter 11. In order to efficiently and effectively proceed in Chapter 11, and to avoid immediate and irreparable harm, the Debtor seeks to employ Tortola on terms specifically described in the Application to Employ.

ii. ***Application for Order Approving Employment and Retention of EmergeLaw, PLC as Counsel for Debtor*** –

EmergeLaw, PLC has been and will be employed to provide various legal services for the Debtor, including, but not limited to, the following: (a) Render legal advice with respect to the rights, powers and duties of the Debtor in the management of its property; (b) Investigate and, if necessary, institute legal action on behalf of the Debtor to collect and recover assets of the estate of the Debtor; (c) Prepare all necessary pleadings, orders and reports with respect to this proceeding and to render all other legal services as may be

7

necessary or proper herein; (d) Assist and counsel the Debtor in the preparation, presentation and confirmation of its disclosure statement and plan of reorganization; (e) Represent the Debtor in any forum as may be necessary to protect the interests of the Debtor; and (f) Perform all other legal services that may be necessary and appropriate in the general administration of this estate. In order to efficiently and effectively proceed in Chapter 11, and to avoid immediate and irreparable harm, the Debtor seeks to employ EmergeLaw, PLC.

iii. ***Application for an Order Approving Employment and Retention of Terry J. Canady Attorney at Law as Special Counsel for the Debtor*** –

The specific purpose and duties and responsibilities of Canady as special counsel to Debtor shall include, but not be limited to the following: (a) Pursue all legal avenues of collection of the Debtor's accounts including the initiation or continuance of litigation; (b) Discover, where possible, any assets that may be executed upon for collection; (c) Make, renew, or otherwise file any documents required to discover or execute upon any assets or protect the Debtor's interests, or judgment if one exists; (d) Take any and all action legally necessary to pursue payment on outstanding accounts. The employment of Canady is for the limited purpose stated herein and is sought pursuant to 11 U.S.C. § 327(e) of the Bankruptcy Code. There will be no overlap with services performed by the Debtor's

general bankruptcy counsel, EmergeLaw, PLC, and the services of Canady as special counsel. In order to efficiently and effectively proceed in Chapter 11, and to avoid immediate and irreparable harm, the Debtor seeks to employ Canady as special counsel on terms specifically provided for in the Application to Employ.

19. I have reviewed all the motions referred to herein, and I verify and incorporate by reference as though stated verbatim herein, all facts stated in said motions.

DATED: February 22, 2020

/s/ Roy Arnold Williams, Jr.
**Roy Arnold Williams, Jr.**
**Chief Executive Officer**
**Affiliated Creditors, Inc.**