
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 10/17/2019



# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, | ) | Case No. 19-06741 |
| | ) | |
| Debtor. | ) | (Joint Administration |
| | ) | Requested) |
| | ) | |
| | ) | Judge Randal S. Mashburn |

## ORDER SETTING EXPEDITED HEARING
## ON FIRST-DAY MOTIONS

This matter is before the Court upon the motion filed in the Dura Automotive Systems, LLC[1] Chapter 11 bankruptcy for an expedited hearing on certain issues that the Debtor asserts require prompt attention involving the administration of this and several related bankruptcies. Although similar motions have not been filed in the related bankruptcy cases, the requested relief in the "first-day motions" would affect the following additional newly-filed bankruptcy proceedings (with the last four digits of each debtor entity's federal tax identification number shown after the entity's name):

19-06735: **Dura G.P.** (8092);
19-06736: **NAMP, LLC** (3693).
19-06737: **Dura Automotive Systems Cable Operations, LLC** (7052);
19-06738: **Dura Fremont L.L.C.** (1252);
19-06739: **Dura Mexico Holdings, LLC** (4188); and
19-06740: **Dura Operating, LLC** (2304).

As a threshold matter, a motion has been filed in the Dura G.P. case to

---

[1] The Debtor's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

transfer that case from the Columbia Division to the Nashville Division.  For the reasons set forth in that motion, the motion is hereby granted, subject to reconsideration if any objections are filed within 14 days of this order.

Further, pending a determination regarding joint administration and the appropriate filing and docketing procedures to be utilized in these cases, it shall be acceptable for any party that files a motion, objection, notice or other similar document in these cases to file such document only in Dura Automotive Systems, Inc., Case No. 19-6741, so long as any such document clearly identifies in the first paragraph of the document which debtor is involved and to which case number the document should be moved in the event that the motion for joint administration is not granted.  However, any proof of claim should be filed in the specific case in which the claim is being asserted, pending an order dealing with the appropriate method for filing and docketing of claims in these cases.

Regarding the first-day motions, a hearing – to the limited extent necessary as outlined below -- will be conducted on the following "first-day motions" at **10:30 a.m. on October 18, 2019**, in Courtroom One, Customs House, 701 Broadway, Nashville, TN:

(a)  Debtors' Expedited Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases (the **"Joint Administration Motion"**) – Docket Entry No. 3.

(b)  Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (II) Continue Employee Benefits Programs (the **"Wages Motion"**) – Docket Entry No. 10.

(c)  Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Continue to Operate Their Cash Management Systems, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms, and (IV) Continue to Perform Intercompany Transactions (the **"Cash Management Motion"**) – Docket Entry No. 14.

(d)  Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (II) Renew, Amend,

Supplement, Extend, or Purchase Insurance Coverage, (III) Honor the Terms of a Premium Financing Agreement and Pay Premiums Thereunder, (IV) Enter into New Premium Financing Agreements, and (V) Continue to Pay Brokerage Fees (the **"Insurance Motion"**) – Docket Entry No. 7.

(e) Debtors' Expedited Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports (the **"Schedule Extension Motion"**) – Docket Entry No. 5.

(f) Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing the Payment of Certain Prepetition Taxes and Fees (the **"Taxes Motion"**) – Docket Entry No. 6.

(g) Debtors' Expedited Motion for Entry of an Order (I) Authorizing the Debtors to (A) Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix, (B) File a Consolidated List of the Debtors' 50 Largest Unsecured Creditors, and (C) Redact Certain Personally Identifiable Case 3:19-bk-06741 Doc 12 Filed 10/17/19 Information for the Debtors' Employees, and (II) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases (the **"Creditor Matrix Motion"**) – Docket Entry No. 4.

(h) Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing Payment of Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, Lien Claimants and Shippers (the **"Key Vendors Motion"**) – Docket Entry No. 11.

(i) Debtors' Expedited Motion for Entry of Interim and Final Orders Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto (the **"Customer Programs Motion"**) – Docket Entry No. 9.

(j) Debtors' Expedited Application for Appointment of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent (the **"Claims and Noticing Agent Application"**) – Docket Entry No. 8.

It should also be noted that the Debtor has requested that the Court consider on an expedited basis a motion involving post-petition financing and use of cash collateral. However, as of the signing of this order, no such motion has been filed. If such a motion is filed today, the Court could consider limited relief in that regard, but the extent of any such consideration will depend on the exact circumstances

presented by counsel, including why the Debtor asked for a hearing on a motion that had not been filed.

In light of the request for the expedited relief and the limited notice for the requested first-day hearings, the Debtor will be required as a preliminary matter at the hearing to address: (a) the sufficiency of the notice provided, (b) the necessity for having immediate expedited relief on each of the "first-day motions," and (c) whether action on any of the motions can be deferred to allow greater notice or can be granted on a provisional basis with further opportunity for objections.

Due to the fact that this order is being entered less than 24 hours before the hearing time, the Court anticipates that it will only hear on October 18, 2019, those matters that are of an emergency nature and where it is not practical to defer a hearing until at least early next week. Further, to the extent relief is granted, the Court anticipates granting such relief only to the limited extent necessary to allow the operation of the Debtors' businesses until a further hearing can be conducted within the next week after more complete notice has been given. To the extent that the Court defers consideration of any of the first day motions, the hearing on October 18, 2019, will be used as a status/scheduling conference to address the timing and logistics of a further expedited hearing next week.

This order shall be entered in all seven of the related bankruptcy cases.

Debtor's counsel shall serve this order on all parties who were served with the first-day motions. Such service shall be handled in the most expeditious manner possible in an effort to provide service to the maximum number of parties that may be affected by the hearing.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.