Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/28/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )   Case No. 3:20-BK-01132 |
| AFFILIATED CREDITORS, INC. | )   Chapter 11 |
| | )   Judge Charles M. Walker |
| Debtor. | ) |

## EXPEDITED AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS AND SETTING FINAL HEARING

This matter is before the Court on the Debtor's Expedited Motion for Entry of Order Authorizing Use of Cash Collateral (the "Motion") pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. § 363(c)(2)(B).

## LOCAL RULE 2081-1 NOTICE

Pursuant to Local Rule 2081-1(f), the Debtor provided notice of the following relief in the Motion:

1.    *Findings, conclusions or holdings as to the amount of a debt or the validity, priority or extent of a lien or security interest that purport to affect the rights of any entity other than the debtor-in-possession and the creditor.* For the limited purpose of obtaining the interim relief requested in the Motion, the Debtor does not dispute the validity or extent of liens in favor Regions Bank with respect to cash collateral (as that term is defined in 11 U.S.C. § 363(a)). The Debtor reserves the right to challenge the validity or extent of any such liens at any time. See Page 2 of the Motion.

2.    *Granting surcharge or "carve-out" rights to professionals or any restrictions (other than court approval) on the surcharge or carve-out rights granted to*

*professionals—for example, a restriction on investigation or pursuit of causes of action against a lender or secured creditor.* See paragraph 21 of the Motion.

## CONCLUSIONS

The Court has considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, the Court hereby finds and orders as follows:

1.  The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on February 22, 2020 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2.  Notice of the Motion has been served in accordance with Federal Rule of Bankruptcy Procedure 4001(d) and the applicable Local Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules with respect to the relief requested thereon.

3.  Regions Bank appears to assert a lien on Debtor's cash collateral (as that term is defined in 11 U.S.C. § 363(a)).

    a.  <u>Term Loan</u>. Regions Bank asserts that, on June 23, 2016, Regions Bank filed a UCC-1 financing statement with the Tennessee Secretary of State, asserting a lien on substantially all of the Debtor's assets.

    b.  <u>Line of Credit</u>. Regions Bank asserts that, on April 6, 2017, Regions Bank filed a UCC-1 financing statement with the Tennessee Secretary of State, asserting a lien on substantially all of the Debtor's assets.

c. The Debtor's lien review found no other UCC-1 financing statements asserting a lien on the Debtor's assets.

4. Regions Bank asserts a valid, perfected security interest in the Debtor's property, including its cash collateral, which would entitle it to adequate protection for any diminution in the value of its collateral arising from the Debtor's post- petition use thereof. Based on the asserted existence of the security interests, in the interim period and pending the Court's final determination of any lien validity or priority, the Debtor requires immediate use of cash collateral in order to continue its business operations without interruption, and to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion. In the absence of the use of cash collateral, the continued operation of the Debtor's business would not be possible, and serious and irreparable harm to the Debtor and its estate would occur.

5. Middle Tennessee Emergency Physicians, PC, Williamson Medical Center, and Anatomic and Clinical Laboratory Associates, PC (together "Objectors") filed an objection to the Debtor's Motion for Interim Use of Cash Collateral. Without limitation, the Objectors asserted that the purported Cash Collateral is not property of the bankruptcy estate but, in whole or in part, constitutes trust funds in which the Debtor has no interest. Nothing in this Order affects Objectors' position, and the Court reserves ruling on this issue.

6. At the hearing held on this matter, Regions Bank, the Debtor, the United States Trustee, and the Objectors reached an Agreement allowing the Interim Use of Cash Collateral pending a final hearing. Accordingly, the parties agree and the Court HEREBY ORDERS AS FOLLOWS:

1.    *Use of Cash Collateral*. The Debtor is authorized to use cash collateral until a final hearing on the Motion in accordance with the terms of the Motion and the Budget attached to the Motion and as specifically limited herein.

2.    As a condition for use of cash collateral, the Debtor shall:

  a. Open a new Debtor-in-Possession account at Regions Bank ("Regions DIP Account") into which the prepetition funds in the amount of $315,373.73 held at Regions Bank as of the Petition Date shall be transferred The Regions DIP Account shall be frozen pending further order of the Court.

  b. The Debtor's existing Regions Bank Operating Account ("Regions Operating Account"), consistent with the Order Authorizing Maintenance and Use of Existing Bank Accounts and Cash Management System, will be used to deposit Debtor's collection costs and Debtor's commissions ("Costs and Commissions") and to pay approved expenses in accordance with the budget, and to include the $200 payable to Debtor's utility providers as required by the Expedited Interim Order (a) Approving The Debtor's Adequate Assurance of Payment to Utility Companies; and (B) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment.

  c. The Debtor will open a new Debtor-in-Possession account at Pinnacle Bank ("Pinnacle DIP Account") and the Debtor will deposit into that account the amount of Debtor's collections less Costs and Commissions. No funds shall be disbursed from the Pinnacle DIP Account absent further order of the Court.

d. The Debtor will provide weekly reports, itemized by client showing the Debtor's gross collections, the Debtor's commissions, the Debtor's costs, and the amount to be deposited into the Pinnacle Bank DIP Account. The Debtor will email the report to the United States Trustee, counsel for Regions Bank, and counsel for the Objectors.

3. *Adequate Protection*. Pending a final hearing on the Motion, as interim adequate protection for the use of, and any diminution in the value of, the collateral, Objectors and Regions Bank are granted the following:

a. *Replacement Liens*. Regions Bank and Objectors shall receive a replacement security interest under Section 361(2) of the Bankruptcy Code in the Debtor's post-petition property and proceeds thereof (excluding the Debtor's rights under Sections 544, 545, 546, 547, 548, 549, and 550 of the Bankruptcy Code), to the same extent and priority as each's purported security interest in the Debtor's pre-petition property and the proceeds thereof. Notwithstanding anything to the contrary herein, no lien shall attach to the Pinnacle DIP account or the funds held in that account.

b. *Automatic Perfection*. For the limited purpose of this interim Order, the replacement lien and security interest granted herein shall be deemed perfected upon entry of this Order without the necessity of Objectors or Regions Bank taking possession of any collateral or filing financing statements or other documents.

4. *Carve-Out*. Debtor is granted a carve-out on an interim basis and authority to use cash collateral for payment of: (i) allowed professional fees and disbursements to Debtor's professionals in this case; (ii) advance cost expenses incurred by ACI for

Case 3:20-bk-01132   Doc 37   Filed 02/28/20   Entered 02/28/20 16:53:08   Desc Main
Document      Page 5 of 8

collecting Debtor's accounts in the ordinary course of business; (iii) United States Trustee quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6); and any fees payable to the Clerk of the Bankruptcy Court.

5.      *Interim Order*; *Final Hearing; Miscellaneous Provisions*. This is an interim Order. The final hearing on the Motion (the "Final Hearing") is hereby set for:  **1:30 PM, on March 10, 2020, Courtroom 2, 701 Broadway Nashville, TN 37203**.  Any objections to entry of a final order shall be filed by noon on March 9, 2020.

a.  *Modification of Interim Order*. At the Final Hearing, all of the provisions of this Order with respect to adequate protection may be hereafter modified or continued by the Court as a final order (the "Final Order") based upon, without limitation, the terms and conditions of a final order determining any lien disputes, or as further determined by the Court at such Final Hearing on the Motion. All parties reserve the right to seek to modify the terms and conditions of this Order with respect to adequate protection, or otherwise, in connection with the entry of the Final Order.

b.  *No Limitation*. Nothing contained herein shall be deemed or construed to (i) limit the parties to the relief granted herein; (ii) bar the parties from seeking other and further relief for cause shown on appropriate notice to parties-in-interest entitled to notice of same, or (iii) require Regions Bank to make any loans or advances to the Debtor, or (iv) hinder Debtor's right to challenge the validity, priority or extent of Regions Bank's lien at any time.

6.    Upon entry of this Order Notice of this Order shall be served on (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) the Debtor's secured creditor.


IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:


/s/ Robert J. Gonzales
Robert J. Gonzales (robert@emerge.law)
Elliott W. Jones (elliott@emerge.law)
Nancy B. King (nancy@emerge.law)
EmergeLaw, PLC
4000 Hillsboro Pike, Suite 505
Nashville, Tennessee 37215
(615) 953-2629

ATTORNEYS FOR DEBTOR



BY:

/s/ Matthew Murphy
David Smythe
Matthew Murphy
Smythe Huff & Hayden
1222 16TH Avenue South, Suite 301
Nashville, TN 37212
dsmythe@smythehuff.com
mmurphy@smythehuff.com
(615) 255-4849

ATTORNEYS FOR REGIONS BANK

BY:

/s/ Michael G. Abelow
Michael G. Abelow (No. 26710)
Robert J. Mendes (No. 17120)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100 Nashville, Tennessee 37201
Telephone: (615) 742-4200 Fax: (615) 742-4539
mabelow@srvhlaw.com
bmendes@srvhlaw.com

ATTORNEYS FOR MIDDLE TENNESSEE EMERGENCY PHYSICIANS, P.C.,
WILLIAMSON MEDICAL CENTER, AND ANATOMIC & CLINICAL LABORATORY
ASSOCIATES, P.C.


BY:

/s/ Megan Seliber
Megan Seliber
Office of the United States Trustee
318 Customs House
701 Broadway Nashville, TN 37203
(615) 695-4060
Megan.Seliber@usdoj.gov

TRIAL ATTORNEY FOR THE UNITED STATES TRUSTEE

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.